UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　　　Plaintiff,<br>v.<br><br>QB PITTMAN,<br>　　　　　　　　Defendant.<br>_____/ | Case No. 15-50733<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

# ORDER DENYING REQUEST TO CHANGE GARNISHMENT AMOUNT
## (ECF No. 15)

Writs of continuing garnishment were issued on May 20, 2015. At the time those writs were issued, Defendant QB Pittman owed $90,421.46, excluding costs, in criminal restitution. One writ of continuing garnishment remains as to the Michigan Department of Treasury. According to the United States, Defendant currently owes $69,404.88.

On January 12, 2023, Plaintiff requested a reduction of the monthly garnishment amount. (ECF No. 15). He says 15% of his Social Security benefit, or $390, per month is taken from his Social Security disability insurance. He asserts that he cannot work because he suffered a stroke and cannot live on the remaining amount of his Social Security disability benefits.

It appears from Defendant's request that garnishment payments are made from his Social Security disability benefits. Thus, he effectively seeks relief from

reductions in his Social Security payments under the Treasury Offset Program ("TOP") under 31 C.F.R. § 285.4. This program is a federally administered program to collect debts owed for which the United States has collection responsibility. *United States v. Campbell*, 245 F. App'x 505, 507 (6th Cir. 2007). "The amount offset from a monthly covered benefit payment shall be the lesser of: (ii) An amount equal to 15% of the monthly covered benefit payment. . . ." 31 C.F.R. § 285.4(e)(1)(ii).

In response, the government argues that Pittman is not entitled to relief from his treasury offset payment. It cites cases stating that financial hardship is not a basis on which the Court can modify an offset payment. The 15% of monthly Social Security benefit garnished to pay a debt called for in the regulations does not consider the Defendant's individual needs. *See United States v. Weissenbach*, 2010 WL 2246177, at *2 (W.D.N.C. June 2, 2010). Thus, the government argues the Court should not independently look into Defendant's individual needs or financial hardship to determine whether less than 15% should be taken from his benefits. It also asserts that Defendant did not support his request for modification with proof of the financial hardship.

Defendant did not come forward with a reply brief.

The request for modification of the garnishment amount is **DENIED**. As the United States noted, Defendant did not show financial hardship with proof or even

a more detailed explanation of the situation. The Court will not grant relief without an understanding of the problem. And Defendant has provided no authority to support his request.

In closing, the United States asserted that it would contact Defendant to discuss a potential agreement to a lesser monthly payment. The government and Defendant are encouraged to have this discussion.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: March 21, 2023               s/Curtis Ivy, Jr.
                                   Curtis Ivy, Jr.
                                   United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

    The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on March 21, 2023.

                                     s/Kristen MacKay
                                     Case Manager
                                   (810) 341-7850